# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NATHAN ALLEN ARMSTRONG,    )
          Plaintiff,    )
            v.    )    **C.A. No. 07-152 Erie**
                 )
MAXINE OVERTON,    )
          Defendant.    )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

## I.     RECOMMENDATION

It is recommended that Plaintiff's motion for "Injunction for Relief Retaliatory Conduct" [Document # 31] be denied.

## II.     REPORT

Plaintiff Nathan Allen Armstrong, an inmate at the State Correctional Institution at Albion, Pennsylvania ("SCI-Albion"), has filed a motion for injunction seeking an Order requiring Defendants to "quit stopping Armstrong from having access to the Law Library...." and to stop taking retaliatory action against him for filing lawsuits. [Document # 31]. In particular, Plaintiff claims that, from December 21, 2007 until January 7, 2008, he has only received approximately 40 minutes in SCI-Albion's Law Library, "despite numerous requests." (Id. at ¶ 13). Plaintiff claims further that he recently received 30 days solitary confinement for committing the same misconduct as another inmate, who received only 10 days of cell restriction. (Id. at ¶ 11). According to Plaintiff, this disparity in treatment indicates that he was retaliated against for previously filing a lawsuit against the hearing examiner. (Id. at ¶ 12).

The four factors that must be shown for the issuance of a temporary restraining order are the same as those required to issue a preliminary injunction. Fink v. Supreme Court of Pennsylvania, 646 F.Supp. 569, 570 (M.D.Pa. 1986). To obtain a preliminary injunction, the

District Court must consider: (1) the likelihood of success on the merits; (2) the extent of irreparable injury from the alleged misconduct; (3) the extent of harm to the movant; and (4) the effect on public interest. Clean Ocean Action v. York, 57 F.3d 328, 331 (3d Cir. 1995); Opticians Ass'n of America v. Independent Opticians of America, 920 F.2d 187, 191-92 (3d Cir. 1990). The preliminary injunction remedy "must be reserved for extraordinary circumstances...." Hoxworth v. Blinder, Robinson & Co. Inc., 903 F.2d 186, 189 (3d Cir. 1990). If the record does not support a finding of both irreparable injury and a likelihood of success on the merits, then a preliminary injunction cannot be granted. Marxe v. Jackson, 833 F.2d 1121 (3d Cir. 1987).

Irreparable injury is established by showing that Petitioner will suffer harm that "cannot be redressed by a legal or an equitable remedy following trial." Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir. 1989)("The preliminary injunction must be the only way of protecting the plaintiff from harm").

Petitioner bears this burden of showing irreparable injury. Hohe v. Casey, 868 F.2d 69, 72 (3d Cir.), cert. denied, 493 U.S. 848 (1989). In fact, Petitioner must show immediate irreparable injury, which is more than merely serious or substantial harm. ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987). The case law provides some assistance in determining that injury which is irreparable under this standard. "The word irreparable connotes 'that which cannot be repaired, retrieved, put down again, atoned for...'." Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir. 1994)(citations omitted). Additionally, "the claimed injury cannot merely be possible, speculative or remote." Dice v. Clinicorp, Inc., 887 F.Supp. 803, 809 (W.D.Pa. 1995). An injunction is not issued "simply to eliminate a possibility of a remote future injury...." Acierno, 40 F.3d at 655 (citation omitted).

Petitioner has failed to meet his burden of showing immediate irreparable injury. During a telephonic hearing held on January 14, 2008, with regard to Plaintiff's injunction motion, Defendants' counsel represented to this Court that Plaintiff has been to SCI-Albion's Law

Library 142 times since April 2007, and that he has recently been given special passes to access the Law Library, when requested. Plaintiff voiced his agreement with counsel's representations. Plaintiff also agreed that he has only one court deadline to meet, and the only issue he needs to address is exhaustion of administrative remedies, which does not require time in the Law Library. Thus, Plaintiff has failed to show that he will suffer immediate irreparable harm if Defendants are not enjoined from allegedly preventing him from accessing the Law Library. Moreover, the Court cannot find that the sanction of 30 days of solitary confinement creates the irreparable harm necessary to warrant an injunction. See Griffin v. Vaughn, 112 F.3d 703, 706 (3d Cir. 1997)(fifteen-month long stint in administrative detention does not constitute atypical or significant hardship).

## III.   CONCLUSION

_____For the foregoing reasons, it is respectfully recommended that Plaintiff's motion for "Injunction for Relief Retaliatory Conduct" [Document # 31] be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights. Failure to file timely objections may constitute a waiver of any

appellate rights.  <u>See</u> <u>Nara v. Frank</u>, 488 F.3d 187 (3d Cir. 2007).


/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief U.S. Magistrate Judge

Date: January 16, 2008