IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATHAN ALLEN ARMSTRONG, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>MAXINE OVERTON, )<br>)<br>Defendant. ) | Civil Action No. 07-152 Erie |

## MEMORANDUM ORDER

Plaintiff's civil rights complaint was received by the Clerk of Court on June 14, 2007 and was referred to Chief United States Magistrate Judge Susan Paradise Baxter for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

Plaintiff's original complaint [Doc. # 5] asserted claims against numerous defendants associated with SCI-Albion, where Plaintiff is incarcerated, including: Lynda Maruschak, a registered dental hygienist at SCI-Albion ("Maruschak"); Nancy Giroux, Deputy Superintendent at SCI-Albion ("Giroux"); Maxine Overton, Health Care Administrator of SCI-Albion ("Overton"); Prison Health Services, Inc. ("PHS"); and the Department of Corrections ("DOC"). By amended complaint [Doc. # 11] filed on November 9, 2007, Plaintiff added as a defendant Marilyn S. Brooks, formerly the Superintendent at SCI-Albion ("Brooks"). Plaintiff's complaints arise primarily under 42 U.S.C. § 1983 and allege violations of his Eighth Amendment rights stemming from the Defendants' failure to provide him adequate dental care for multiple cavities.

On November 15, 2007, Plaintiff filed a motion [Doc. # 16] seeking to dismiss PHS as a Defendant in the case. The motion was granted on November 19, 2007 [Doc. # 18].

Subsequently, the remaining Defendants moved [Doc. # 21] to dismiss the amended complaint or, alternatively, for summary judgment on the ground that Plaintiff has failed to exhaust his administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). In response to this motion, Plaintiff filed a second amended

complaint [Doc. # 27] against Defendant Overton only, seeking to dismiss from the case all other previously named Defendants. Accordingly, on January 3, 2008, Chief U.S. Magistrate Judge Baxter entered a text-order denying the Defendants' motion to dismiss without prejudice to be reasserted in response to Plaintiff's second amended complaint.

In his second amended complaint, Plaintiff asserts (again) that Defendant Overton was deliberately indifferent to his serious dental needs and medically negligent in failing to provide adequate dental care. On January 8, 2008, Defendant Overton filed a motion to dismiss the second amended complaint or, in the alternative, motion for summary judgment [Doc. # 28], once again contending that Plaintiff has failed to exhaust his administrative remedies. By order [Doc. # 30] entered on January 9, 2008, the Chief Magistrate Judge directed Plaintiff to respond to the motion or "amend the complaint to cure any procedural defects." (*See* Order of 1/9/08 [Doc. # 30].) On April 10, 2008, the Chief Magistrate Judge entered a Report and Recommendation [Doc. # 48], recommending that Defendant Overton's motion be granted. In her R&R, Chief Magistrate Judge Baxter remarked that, "[d]espite being given ample time to do so, Plaintiff has failed to file a response to this motion." (*See* Report and Recommendation dated 4/10/08 [Doc. # 48] at p. 2.)

Plaintiff has since filed objections [Doc # 50] and a "motion in opposition to the magistrates [sic] report and recommendation" [Doc. # 51]. His primary objection is that Judge Baxter failed to acknowledge in her R&R that Plaintiff filed a third amended complaint [Doc. # 43] in response to Defendant Overton's motion. This third amended complaint purports to add as Defendants Lynda Maruschak as well as numerous other individuals affiliated with medical and/or dental services at SCI-Albion. Again, the gravamen of the complaint is deficient dental care as well as deficient medical care relative to an ankle problem. The third amended complaint contains the following averment concerning exhaustion: "I, Nathan Allen Armstrong, filed grievances, request slips, had injunction hearings, so any exhaustion argument is moot in this matter see [sic] Fed. R. Civl P. 8(c)." (*See* Third Amended Complaint [Doc. # 43] at p. 16.)

Having considered de novo the complaints, the motion to dismiss and/or for

summary judgment filed by Defendant Overton, the Report and Recommendation, and Plaintiff's objections and responses thereto, the Court finds that Plaintiff's objections are not well-taken.  As Judge Baxter outlined in her R&R, exhaustion of administrative remedies is a mandatory requirement under the PLRA which, in the context of this case, involves timely appeal through all administrative levels up to and including the DOC Secretary's Office of Inmate Grievances and Appeals.  (*See* R&R [Doc. # 48] at pp. 6-7.)  In support of her dispositive motion, Defendant Overton appended the affidavit of Tracy Pollack [Doc. # 21-2], an administrative officer in the Secretary's Office of Inmate Grievances and Appeals, who confirms that Plaintiff has never properly appealed any grievance to final review with the Secretary's office.  Plaintiff's conclusory assertion in his third amended complaint that he has "filed grievances" and "request slips" and "had injunction hearings" is insufficient to demonstrate the existence of a genuine issue of fact on the question of whether Plaintiff has properly exhausted his available administrative remedies as required by the PLRA.

Moreover, because the PLRA's exhaustion requirement includes a procedural default component, Plaintiff is now precluded from properly exhausting his remedies as to the claims raised in this civil action and any attempt by Plaintiff to assert claims against the Defendants named in his Third Amended Complaint would therefore be futile.  In sum, Plaintiff's third amended complaint is insufficient to cure the defects in his previous complaints based on his failure to exhaust administrative remedies as required by the PLRA.  Accordingly, after de novo review of the Complaint and the documents in the case, together with the Report and Recommendation and Plaintiff's objections thereto, the following order is entered:

AND NOW, this 17th day of April, 2008;

IT IS HEREBY ORDERED that Defendant Overton's motion [Doc. # 21] to dismiss the second amended complaint or, in the alternative, for summary judgment be and hereby is GRANTED and the case will be marked CLOSED.

The Report and Recommendation of Chief Magistrate Judge Baxter, dated April 10, 2008 [48], is adopted as the opinion of this Court.

                                                s/ SEAN J. McLAUGHLIN
                                                Sean J. McLaughlin
                                                United States District Judge

cc:    all parties of record
        Chief U.S. Magistrate Judge Baxter